## Addison Township School District v. Somerfield Borough School District et al.

*Shaver & Heckman* and *Ralph B. Umsted*, Special Deputy Attorney General, for plaintiff.

*Paul E. C. Fike* and *Charles H. Coffroth*, for defendants.

BOOSE, P. J., April 6, 1943.—. . .

The facts in this case are not in dispute, but they present a novel question of law. So far as our knowledge or research extends, it is believed that the case is without precedent. The controlling question here involved is this: Where the entire territorial area comprising a borough school district of the fourth class, including its school ground and building, has been appropriated by the Federal Government for the location and construction of a flood-control dam or reservoir, is the

school district of the township from which said territory was taken for the creation and incorporation of the borough and school district entitled to receive the money paid for the school ground and building appropriated for said purpose?

The Township of Addison was created and organized in 1800. The Borough of Somerfield was established and incorporated out of part of the territory embraced within said township on September 5, 1893. Under the School Code, each borough constitutes a separate school district; and the boundary lines of the School District of Somerfield Borough are coterminous with the boundary lines of said borough. In the exercise of its sovereign power of eminent domain, the United States Government has appropriated all the territorial area of said borough and school district for the location, construction, and maintenance of an impounding dam or flood-control reservoir on the Youghiogheny River, which flows through the same. The Federal Government has acquired, or will acquire, either by purchase or condemnation, title to all the territory embraced within the limits of said borough and school district, including the school ground and building erected thereon of the defendant school district. Upon the completion of said dam or reservoir and the impounding of water therein, said area or territory will be flooded and all the inhabitants will be required to remove therefrom. Upon the completion and operation of said project, the physical existence of said borough and school district will be completely destroyed, extinguished, and obliterated, and thereafter they will exist in name only, without any governmental functions to perform. Neither The General Borough Act of May 4, 1927, P. L. 519, and its supplements, nor the School Code of May 18, 1911, P. L. 309, and its supplements and amendments, contains any provision for annulment of the borough charter, or dissolution of the school district, under the facts and circumstances here presented; and it will

probably require an act of the legislature to terminate their corporate existence. If all the people of a defined locality should wholly remove from or desert it, the corporation would, from necessity, be suspended or dormant, or perhaps entirely cease: Dillon on Municipal Corporations (5th ed.) 589, §331. Where school property is condemned by the United States Government under the power of eminent domain, its use for school purposes ceases: Lancaster School District v. Lancaster County, 295 Pa. 112.

The claim of plaintiff, the School District of Addison Township, to the purchase money received by defendant School District of Somerfield, from the sale of its school ground and buildings to the United States Government, rests upon the theory and contention that, upon annulment of the charter of the Borough of Somerfield and dissolution of the school district of said borough, the territory embraced within the boundary lines thereof will revert to and become a part of the Township of Addison from which it was taken when said borough was incorporated; that, the boundary lines of the School District of Addison Township being coterminous with the boundary lines of the township, said territory will automatically revert to and become a part of said school district; that the purchase money received by defendant school district takes the place of the land and buildings formerly owned by it, and that the appropriation of the territory embraced within the boundary lines of said borough and school district by the Federal Government merely operates as a change of ownership and does not prevent a reversion of said territory to the Township of Addison. These contentions cannot be sustained. As above stated, no steps have been taken to annul the charter of said borough, nor has there been a dissolution of said school district. Assuming, however, that the corporate existence of said borough and school district will ultimately be terminated in some manner, the territory embraced within the boundary lines

thereof, which has been appropriated and condemned by the United States Government, will not revert to the Township of Addison nor automatically become a part of the school district of said township.

No authority need be cited in support of the principle that where the Federal Government has acquired ownership of real estate for any governmental purpose, whether by purchase or by condemnation, it has exclusive control and jurisdiction over said property, and the agencies of local government, such as borough, township, or school district, may not exercise any control or jurisdiction over the same. Such real estate is not subject to taxation, nor is it subject to local government or control in any manner whatsoever. It is true that the territory appropriated for the location and construction of the impounding or flood-control dam or reservoir is geographically located in Addison Township, but neither said township nor its school district can have any control over said area or territory for the purpose of taxation or any other governmental purpose. This territory has not reverted and will not revert to the Township of Addison or the School District of Addison Township. It is unnecessary to decide whether annulment of the charter of the Borough of Somerfield would automatically work a dissolution of the borough school district. Assuming that such dissolution of both the municipality and the school district had taken place, and that the territory embraced within their boundary lines had reverted to Addison Township and the school district, plaintiff, in the absence of a statute conferring such right, would not be entitled to the moneys and assets of the dissolved school district. The township within which a dissolved incorporated village was located is not, in the absence of a statute so providing, the legal successor of the village or the owner of any of its property, or the surplus funds remaining in the village treasury after dissolution, and cannot maintain

an action therefor: Highland Grove Township v. Village of Winnipeg Junction, 146 N. W. 974 (Minn.). It is our considered conclusion that the plaintiff school district has not established any right to the money received by the defendant school district from the sale of its school grounds and building to the United States Government; therefore, plaintiff is not entitled to an injunction to restrain and enjoin defendant from using, disbursing, and disposing of the same in establishing, maintaining, and conducting a joint school with the School District of the Borough of Addison, under the provisions of the School Code.

In view of the foregoing conclusions, it is unnecessary to consider and pass upon the other questions raised by the bill of complaint. The plaintiff, having no right to the fund in question, is not a party in interest and therefore has no standing to require and compel an accounting by the defendant, showing receipts and disbursements of its school funds, or to question the legality of its action in establishing, maintaining, and conducting a joint school with the School District of the Borough of Addison. In brief, all that we need and do decide is, that the plaintiff has no right to the fund in question, or any part thereof; and therefore the plaintiff is not entitled to the injunctive and other equitable relief prayed for. . . .

### Decree

And now, April 6, 1943, this case having come on for final hearing and after argument by counsel, it is ordered, adjudged, and decreed as follows:

1. The preliminary injunction heretofore awarded and continued in full force and effect until final hearing is now dissolved.

2. The plaintiff's bill of complaint is dismissed.

3. The rule awarded upon the petition of the Commonwealth of Pennsylvania, to show cause why the

fund in question should not be escheated, is discharged on the ground of abandonment.

4. The costs shall be paid by plaintiff, the School District of Addison Township.

The prothonotary shall enter said decree nisi and give notice to the parties, or their counsel of record, of the entry of the decree.